UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| YONGHONG TIAN,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, et al.,<br><br>    Defendants. | No. 24-cv-12514-PGL |

### ORDER ON MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, ORDER OF REASSIGNMENT, AND RECOMMENDATION TO DISMISS

LEVENSON, U.S.M.J.

    Pro se plaintiff Youghong Tian ("Plaintiff"), who is not a citizen of the United States, brings this action against the U.S. Citizenship and Immigration Services ("USCIS") concerning the agency's alleged failure to timely process his petition to remove conditions on his residency in the United States. Plaintiff also names Attorney General Merrick Garland and the U.S. Attorney for the District of Massachusetts. Instead of paying the $405 filing fee, Plaintiff has filed a motion for leave to proceed in forma pauperis. Docket No. 2. For the reasons stated below, I will GRANT the *in forma pauperis* motion, order that this action be reassigned to a District Judge, and recommend to the District Judge that this action be dismissed for failure to state a claim upon which relief may be granted.

I.    **Motion for Leave to Proceed** *in Forma Pauperis*

Upon review of Plaintiff's motion for leave to proceed *in forma pauperis*, I conclude that Plaintiff has adequately shown that he is unable to pay the $405 filing fee. Accordingly, I GRANT the motion.

II.    **Order of Reassignment**

Pursuant to General Orders (10-1) and (09-3), a case may be randomly assigned, at the time of filing, to a Magistrate Judge. The parties are required to inform the Court within 30 days of service of the last party whether they consent or refuse to consent to the final jurisdiction of a Magistrate Judge. Absent the parties' consent to the final assignment of this case to a Magistrate Judge, a Magistrate Judge is without jurisdiction to dismiss a complaint for lack of jurisdiction or otherwise involuntarily dismiss an action. *See* 28 U.S.C. § 636(b)(1)(A).

This action was drawn to me under the above-described protocol. The parties have not consented to my jurisdiction in this case. As set forth below, I have reviewed the complaint and conclude that it is subject to dismissal. Accordingly, I will treat this as a dispositive matter that is subject to the Report and Recommendation provisions of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts. *See* R. 3(a)(15). For that reason, I will order the Clerk of Court reassign this case to a District Judge.

III.    **Review of the Complaint**

Because Plaintiff is proceeding *in forma pauperis*, his pleading is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of fees if the complaint is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

2

To state a claim upon which relief may be granted, a complaint must, among other things, contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint meets this pleading standard, a court accepts well-pled factual matter as true, but the Court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly v. Bell Atlantic Corp.*, 550 U.S. 544, 555 (2007)). Instead, the complaint must "contain sufficient factual matter, accepted as true, to 'to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In conducting this review, I construe Plaintiff's complaint liberally because he is proceeding *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

A.   *Plaintiff's Complaint*

Plaintiff's complaint concerns one of the last steps of the process by which a noncitizen married to a citizen may receive unconditional "permanent residency" in the United States. This process may be summarized as follows:

> The process begins when the citizen spouse files a Form I-130 Petition for Alien Relative (I-130), which acts as a request for immigration authorities to formally recognize the validity of the marriage. 8 C.F.R. § 204.1(a)(1). USCIS then conducts "an investigation of the facts" and adjudicates the petition. 8 U.S.C. § 1154(b). Once the I-130 petition is approved, the noncitizen spouse may apply for permanent residency, which—if successful—she receives only "on a conditional basis," and which can be revoked if the marriage is later found to be a fraud. *See id.* §§ 1255(a), 1186a(a)(1). The conditional permanent residency automatically expires after two years, and if the noncitizen wishes the status to become truly permanent, she must file a Form I-751 Petition to Remove Conditions on Residence (I-751). *Id.* § 1186a(c)(1)(A). In addition to filing the I-751 petition, the couple must also appear together for an interview with USCIS. *Id.* § 1186a(c)(1)(B).

> The noncitizen spouse's permanent residency becomes unconditional (truly permanent) at the end of two years if the I-751 petition is approved. *See id*. § 1186a(c)(3)(B).

*Zerezghi v. United States Citizenship & and Immigr. Servs.*, 955 F.3d 802, 804 (9th Cir. 2020).

Plaintiff's statement of his claim consists of two sentences: "I sincerely submitted the I-751 Application to the USCIS at the ending of the March 2024, the USCIS accepted my case on April 10, 2024. Since then, there is no further notification be sent from the USCIS." Docket No. 1 at 4. In his request for relief, Plaintiff asks that the Court "provide the mandamus of [his] I-751 case to the USCIS." *Id.* On the civil cover sheet, Plaintiff represents that he is bringing this action under 28 U.S.C. § 1651(a), and he identifies his action as one for "unreasonable delay of the final determination of the I-751 case from the USCIS." Docket No. 1-1 at 1.

Attached to Plaintiff's complaint is a document from the USCIS[1] in which the agency informs Plaintiff that it received his 1-751 application on March 28, 2024, and that the agency "ha[d] extended the validity period on [his] Form I-551, Permanent Resident Card, (also known as a Green Card) for 48 months from the date of expiration," during which Plaintiff is "authorized to work and travel." Docket No. 1 at 6.

### B. Discussion

Plaintiff seeks relief under 28 U.S.C. § 1651(a), which provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). This statute does not provide any basis for relief by this Court. Requiring USCIS to make a determination on Plaintiff's I-751 petition is not "necessary or appropriate in aid of [the Court's] jurisdiction[]."

---

[1] Specifically, the document is a Form I-797 Notice of Action.

4

Further, relief is not available under 28 U.S.C. 1361, albeit for a different reason. Section 1361 gives district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, "[m]andamus is regarded as an extraordinary writ reserved for special situations. Among its ordinary preconditions are that the agency or official have acted (or failed to act) in disregard of a clear legal duty and that there be no adequate conventional means for review." *In re Dolours Price,* 685 F.3d 1, 13 n.16 (1st Cir. 2012) (quoting *In re City of Fall River, Mass.*, 470 F.3d 30, 32 (1st Cir. 2006)). "Such clear legal duty must be 'nondiscretionary.'" *Id.* (quoting *Eveland v. Dir. of Cent. Intel. Agency*, 843 F.2d 46, 51 (1st Cir. 1988) (per curiam)).

Here, Plaintiff has not alleged any facts suggesting that mandamus relief is appropriate. Plaintiff filed this action approximately six months after USCIS received his I-751 petition. The fact that USCIS did not make a determination on the petition during the six-month period does not suggest that the agency acted in disregard of a clear, nondiscretionary duty. *See Tang v. United States*, No. 23-CV-13187-RGS, 2024 WL 1836624, at *2 (D. Mass. Apr. 26, 2024) ("Congress has not mandated any timetable for a decision on an I-751 petition."); *Morgovsky v. Dep't of Homeland Sec.*, 517 F. Supp. 2d 581, 584 (D. Mass. 2007) ("Here, in the absence of a clearly established duty to act on a naturalization petition within a prescribed period of time, the court agrees with those of its sister courts that have held that [section 1361] attaches only in the most egregious of cases. A delay of some sixteen months in reaching a decision on an appeal of a denial of a naturalization application, while perhaps unusual, is not so extreme or outrageous as to warrant [a writ of mandamus].") Moreover, after receiving Plaintiff's I-751 petition, USCIS

5

acted promptly to notify Plaintiff that the validity of his conditional permanent residency had been extended.

In addition, mandamus relief is not available because an "adequate conventional means for review" exists. Under the Administrative Procedure Act ("APA"), "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The APA mandates that "within a reasonable time, each agency shall proceed to conclude a matter presented to it," and that a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §§ 555(b), 706(1). That said, as noted above, Plaintiff has not alleged any facts that would show that a determination on his I-751 petition has been unreasonably delayed.

In short, Plaintiff has not alleged any facts showing that he is entitled to relief. I therefore recommend that this action be dismissed on that ground.

IV.     **Conclusion**

For the reasons stated above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* is GRANTED.

2. The Clerk shall reassign this case to a District Judge.

3. I recommend that the District Judge dismiss this action for failure to state a claim upon which relief may be granted.[2]

Dated: December 18, 2024

*/s/ Paul G. Levenson*
Paul G. Levenson
U.S. MAGISTRATE JUDGE

---

[2] The parties are advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378–79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).